JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tierre Kirkland, et al | Wheels LT, et al |

| **(b)** County of Residence of First Listed Plaintiff | Philadelphia County | County of Residence of First Listed Defendant | Cook County |
|---|---|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | | *(IN U.S. PLAINTIFF CASES ONLY)* | |

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Simon & Simon PC
18 Campus Blvd. Suite 100 – Newtown Square, PA 19073

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☒ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1391(a)(1) and (2)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
08/29/2023

SIGNATURE OF ATTORNEY OF RECORD
*s/Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___ Tierre Kirkland, et al - 1725 E Mayland St., Philadelphia, PA 19138 ___

Address of Defendant: ___ Wheels LT, et al - 666 Garland Place, Des Plaines, IL 60016 ___

Place of Accident, Incident or Transaction: ___ Route 309, Cheltenham PA. ___

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/29/2023__ _____ __201798__

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*        **B.**    *Diversity Jurisdiction Cases:*

| | A. Federal Question Cases: | | B. Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☑ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify)*: |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify)*: |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify)*: | | |

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: __08/29/2023__ _____ __201798__

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Tierre Kirkland, et al | : | CIVIL ACTION |
| v. | : | |
| Wheels LT, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✕)

| | | |
|---|---|---|
| 8/29/2023 | Marc Simon | Tierre Kirkland, et al |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)467-4666 | (267)639-9006 | MarcSimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Tierre Kirkland | : | |
| 1725 E Mayland St., | : | |
| Philadelphia, PA 19138 | : | # _____ |
| AND | : | |
| Tierre Kirkland p.n.g. of M.W. | : | |
| 1725 E Mayland St., | : | |
| Philadelphia, PA 19138 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Wheels LT | : | |
| 666 Garland Place, | : | |
| Des Plaines, IL 60016 | : | |
| AND | : | |
| Wheels, LLC | : | |
| 666 Garland Place, | : | |
| Des Plaines, IL 60016 | : | |
| AND | : | |
| Lincare Inc. | : | |
| 19387 US Highway 19 N, | : | |
| Clearwater, FL 33764 | : | |
| Defendant(s) | : | |

# COMPLAINT

## PARTIES

1.      Plaintiff, Tierre Kirkland, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Plaintiff, Tierre Kirkland p.n.g. of M.W, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.      Defendant, Wheels LT is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4.      Defendant, Wheels, LLC is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

5.      Defendant, Lincare Inc.is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Tierre Kirkland, is a citizen of Pennsylvania, and Plaintiff, Tierre Kirkland p.n.g. of M.W, is a citizen of Pennsylvania, and the Defendant, and the Defendant, Wheels LT, upon information and belief is a corporate entity with its principal place of business in Illinois, and the Defendant, Wheels, LLC, upon information and belief is a corporate entity with its principal place of business in Illinois, and the Defendant, Lincare Inc., upon information and belief is a corporate entity with its principal place of business in Florida and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

8.     On or about December 15, 2022, Plaintiff, Tierre Kirkland, was the operator of a motor vehicle, of which Plaintiff Tierre Kirkland p.n.g. of M.W was passenger, which was traveling at or near Route 309, Cheltenham PA.

9.     At or about the same date and time Defendants were the owners of truck which was traveling at or around the aforementioned location of the Plaintiff's vehicle.

10.     At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

11.     At or about the same date and time, the driver was the operator of a truck which was owned, rented, leased, and/or otherwise under the control of and entrusted to him/her by Defendants (the "Subject Truck").

12.     Upon information and belief, the Subject Truck bore the logo and business name of Defendants and was being used for the business purpose(s) of Defendants.

13.     At or about the same date and time, the driver was driving the Subject Truck near vehicle when he/she suddenly, and without warning, crashed into the rear-end of Plaintiff's vehicle.

14.     At all times relevant hereto, including the time of the subject motor vehicle collision, the driver was an agent, employee, and/or servant of Defendants, and was operating the Subject Truck in the course and scope of his/her agency and/or employment with Defendants.

15.     Upon information and belief, in proceeding to crash into the rear-end of Plaintiff's vehicle, the driver failed to maintain an assured clear distance from vehicles ahead, failed to pay adequate attention to his/her surroundings ahead, failed to ensure traffic ahead was clear, was in a hurry, and/or was simply fatigued and/or distracted.

16.     The collective and individual acts, omissions, and failures detailed above and further below on the part of Defendants, were careless and negligent.

17.     The subject motor vehicle collision was proximately caused by the carelessness, and/or negligence of Defendants, and not the result of any action or failure to act by Plaintiff.

18.     As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of Defendants, Plaintiff has sustained serious permanent personal injuries and damages, including to the back.

## COUNT I
### Tierre Kirkland v. Wheels LT
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

19.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20.     The carelessness and/or negligence of Defendant Wheels LT, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

    a.  Hiring, retaining, and permitting the driver to operate the Subject Truck without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

    b.  Hiring, retaining, and permitting the driver to operate the Subject Truck without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

    c.  Failing to provide proper, adequate, ongoing and/or remedial training to the driver consistent with industry custom and applicable regulations, including safe and

defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent the driver from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting the driver to operate the Subject Truck when Defendant Wheels LT, knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Wheels LT, that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise the driver to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

h. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i. Allowing and/or directing the driver to operate the Subject Truck while he/she was fatigued; and

j. Failing to warn the motoring public, including Plaintiff, that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to the driver's negligent, and/or careless operation of the commercial truck.

21.     As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Wheels LT,, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back, all to Plaintiff's great loss and detriment.

22.     As a direct and proximate result of these injuries, all of which are permanent in

nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

23.     As an additional result of the carelessness, and/or negligence of Defendant, Wheels LT,, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.


24.     As a direct result of the carelessness and/or negligence of Defendant, Wheels LT,, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

25.     As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26.     Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tierre Kirkland, prays for judgment in his/her favor and against Defendant, Wheels LT,, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

**COUNT II**
**Tierre Kirkland v. Wheels LT**
**Respondeat Superior**

27.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28.     The negligence, carelessness, and/or malicious conduct on the part of the driver, detailed in Count I, above, occurred while the driver was acting at all relevant times within the course and scope of his/her agency and/or employment with Wheels LT, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

29.     As such, Defendant Wheels LT is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of the driver in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

WHEREFORE, Plaintiff, Tierre Kirkland, prays for judgment in his/her favor and against Defendant, Wheels LT, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

**COUNT III**
**Tierre Kirkland v. Wheels, LLC**
**Negligent Hiring, Retention, Training, Supervision, and Entrustment**

30.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

31.     The carelessness and/or negligence of Defendant Wheels, LLC, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a. Hiring, retaining, and permitting the driver to operate the Subject Truck without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b. Hiring, retaining, and permitting the driver to operate the Subject Truck without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

c. Failing to provide proper, adequate, ongoing and/or remedial training to the driver consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent the driver from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting the driver to operate the Subject Truck when Defendant Wheels LT, knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Wheels LT, that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise the driver to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

h. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i. Allowing and/or directing the driver to operate the Subject Truck while he/she was fatigued; and

j. Failing to warn the motoring public, including Plaintiff, that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to the driver's negligent, and/or careless operation of the commercial truck.

32.     As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Wheels, LLC, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back, all to Plaintiff's great loss and detriment.

33.     As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

34.     As an additional result of the carelessness, and/or negligence of Defendant, Wheels, LLC, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

35.     As a direct result of the carelessness and/or negligence of Defendant, Wheels, LLC, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

36.     As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

37.     Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or

in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tierre Kirkland, prays for judgment in his/her favor and against Defendant, Wheels, LLC, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

**COUNT IV**
**Tierre Kirkland v. Wheels, LLC**
**Respondeat Superior**

38.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

39.     The negligence, carelessness, and/or malicious conduct on the part of the driver, detailed in Count I, above, occurred while the driver was acting at all relevant times within the course and scope of his/her agency and/or employment with Wheels, LLC, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

40.     As such, Defendant Wheels, LLC is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of the driver in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

WHEREFORE, Plaintiff, Tierre Kirkland, prays for judgment in his/her favor and against Defendant, Wheels, LLC, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

**COUNT V**
**Tierre Kirkland v. Lincare Inc**
**Negligent Hiring, Retention, Training, Supervision, and Entrustment**

41. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

42. The carelessness and/or negligence of Defendant Lincare Inc, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a. Hiring, retaining, and permitting the driver to operate the Subject Truck without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b. Hiring, retaining, and permitting the driver to operate the Subject Truck without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

c. Failing to provide proper, adequate, ongoing and/or remedial training to the driver consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent the driver from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting the driver to operate the Subject Truck when Defendant Lincare Inc knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Lincare Inc that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise the driver to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with the motoring public,

specifically including Plaintiff;

h. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i. Allowing and/or directing the driver to operate the Subject Truck while he/she was fatigued; and

j. Failing to warn the motoring public, including Plaintiff, that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to the driver's negligent, and/or careless operation of the commercial truck.

43.     As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Lincare Inc, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back, all to Plaintiff's great loss and detriment.

44.     As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

45.     As an additional result of the carelessness, and/or negligence of Defendant, Lincare Inc, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

46.     As a direct result of the carelessness and/or negligence of Defendant, Lincare Inc, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

47.     As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

48.     Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tierre Kirkland, prays for judgment in his/her favor and against Defendant, Lincare Inc, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

## COUNT VI
**Tierre Kirkland v. Lincare Inc**
**Respondeat Superior**

49.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

50.     The negligence, carelessness, and/or malicious conduct on the part of the driver, detailed in Count I, above, occurred while the driver was acting at all relevant times within the course and scope of his/her agency and/or employment with Lincare Inc, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

51.     As such, Defendant Lincare Inc is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of the driver in causing the above-described motor vehicle collision and proximately resulting injuries and damages

sustained by Plaintiff.

WHEREFORE, Plaintiff, Tierre Kirkland, prays for judgment in his/her favor and against Defendant, Lincare Inc, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

## COUNT VII
### Tierre Kirkland p.n.g. of M.W. v. Wheels LT
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

52.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

53.     The carelessness and/or negligence of Defendant Wheels LT, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a.  Hiring, retaining, and permitting the driver to operate the Subject Truck without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b.  Hiring, retaining, and permitting the driver to operate the Subject Truck without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

c.  Failing to provide proper, adequate, ongoing and/or remedial training to the driver consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d.  Failing to take proper and adequate measures to prevent the driver from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e.  Retaining and permitting the driver to operate the Subject Truck when Defendant Wheels LT knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Wheels LT that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions

and inactions like those set forth above that would harm the motoring public;

f.  Failing to properly and adequately train, monitor and/or supervise the driver to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g.  Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

h.  Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i.  Allowing and/or directing the driver to operate the Subject Truck while he/she was fatigued; and

j.  Failing to warn the motoring public, including Plaintiff, that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to the driver's negligent, and/or careless operation of the commercial truck.

54.  As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Wheels LT, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back, all to Plaintiff's great loss and detriment.

55.  As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

56.  As an additional result of the carelessness, and/or negligence of Defendant, Wheels LT, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

57.     As a direct result of the carelessness and/or negligence of Defendant, Wheels LT, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

58.     As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

59.     Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tierre Kirkland p.n.g. of M.W., prays for judgment in his/her favor and against Defendant, Wheels LT, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

## COUNT VIII
### Tierre Kirkland p.n.g. of M.W. v. Wheels LT
### Respondeat Superior

60.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

61.     The negligence, carelessness, and/or malicious conduct on the part of the driver, detailed in Count I, above, occurred while the driver was acting at all relevant times within the course and scope of his/her agency and/or employment with Wheels LT, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting

injuries and damages sustained by Plaintiff.

62.     As such, Defendant Wheels LT is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of the driver in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

WHEREFORE, Plaintiff, Tierre Kirkland p.n.g. of M.W., prays for judgment in his/her favor and against Defendant, Wheels LT, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

## COUNT IX
### Tierre Kirkland p.n.g. of M.W. v. Wheels, LLC
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

63.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

64.     The carelessness and/or negligence of Defendant Wheels, LLC, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a. Hiring, retaining, and permitting the driver to operate the Subject Truck without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b. Hiring, retaining, and permitting the driver to operate the Subject Truck without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

c. Failing to provide proper, adequate, ongoing and/or remedial training to the driver consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent the driver from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or

rushing and/or hurrying;

e. Retaining and permitting the driver to operate the Subject Truck when Defendant Wheels, LLC knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Wheels, LLC that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise the driver to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

h. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i. Allowing and/or directing the driver to operate the Subject Truck while he/she was fatigued; and

j. Failing to warn the motoring public, including Plaintiff, that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to the driver's negligent, and/or careless operation of the commercial truck.

65.     As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Wheels, LLC, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back, all to Plaintiff's great loss and detriment.

66.     As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

67.     As an additional result of the carelessness, and/or negligence of Defendant, Wheels, LLC, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

68.     As a direct result of the carelessness and/or negligence of Defendant, Wheels, LLC, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

69.     As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

70.     Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tierre Kirkland p.n.g. of M.W., prays for judgment in his/her favor and against Defendant, Wheels, LLC, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

## COUNT X
### Tierre Kirkland p.n.g. of M.W. v. Wheels, LLC
### Respondeat Superior

71.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

72.     The negligence, carelessness, and/or malicious conduct on the part of the driver, detailed in Count I, above, occurred while the driver was acting at all relevant times within the course and scope of his/her agency and/or employment with Wheels, LLC, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

73.     As such, Defendant Wheels, LLC is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of the driver in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

WHEREFORE, Plaintiff, Tierre Kirkland p.n.g. of M.W., prays for judgment in his/her favor and against Defendant, Wheels, LLC, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

## COUNT XI
### Tierre Kirkland p.n.g. of M.W. v. Lincare Inc.,
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

74.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

75.     The carelessness and/or negligence of Defendant Lincare Inc., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a. Hiring, retaining, and permitting the driver to operate the Subject Truck without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b. Hiring, retaining, and permitting the driver to operate the Subject Truck without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

c. Failing to provide proper, adequate, ongoing and/or remedial training to the driver consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

d. Failing to take proper and adequate measures to prevent the driver from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting the driver to operate the Subject Truck when Defendant Lincare Inc., knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Lincare Inc., that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise the driver to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

h. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i. Allowing and/or directing the driver to operate the Subject Truck while he/she was fatigued; and

j. Failing to warn the motoring public, including Plaintiff, that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to the driver's negligent, and/or careless operation of the commercial truck.

76.    As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Lincare Inc.,, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back, all to Plaintiff's great loss and detriment.

77.    As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

78.    As an additional result of the carelessness, and/or negligence of Defendant, Lincare Inc.,, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

79.    As a direct result of the carelessness and/or negligence of Defendant, Lincare Inc., Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

80.    As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

81.    Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tierre Kirkland p.n.g. of M.W., prays for judgment in his/her favor and against Defendant, Lincare Inc.,, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

**COUNT XII**
**Tierre Kirkland p.n.g. of M.W. v. Lincare Inc.**
**Respondeat Superior**

82.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

83.     The negligence, carelessness, and/or malicious conduct on the part of the driver, detailed in Count I, above, occurred while the driver was acting at all relevant times within the course and scope of his/her agency and/or employment with Lincare Inc., and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

84.     As such, Defendant Lincare Inc., is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of the driver in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

WHEREFORE, Plaintiff, Tierre Kirkland p.n.g. of M.W., prays for judgment in his/her favor and against Defendant, Lincare Inc.,, in an amount in excess of Seventy-Five ($75,000.00) Dollars, , plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY: _s/Marc Simon_____
                Marc Simon, Esquire